IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETHEL STAMPER-KATO,<br>115-24 203rd Street<br>St. Albans, New York 11412<br><br>           Plaintiff,<br><br>      v.<br><br>NATIONAL RAILROAD PASSENGER<br>      CORPORATION<br>("Amtrak")<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)        Civil Action No.<br>)        1:06cv00983<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL
RAILROAD PASSENGER CORPORATION TO PLAINTIFF'S COMPLAINT**

Defendant National Railroad Passenger Corporation ("Amtrak") answers the

numbered paragraphs of the Complaint as follows:

I.      Parties

1.      Amtrak states that the allegations stated in the first sentence of paragraph 1

of the Complaint state legal conclusions to which responsive pleadings are not required.

To the extent a responsive pleading is required, Amtrak admits that the allegations stated in

the first sentence of paragraph 1 of the Complaint summarize the allegations of the

Complaint. Amtrak admits the allegations stated in the second sentence of paragraph 1 of

the Complaint. Amtrak denies the allegations stated in the third sentence of paragraph 1,

except to state that the allegations stated in the third sentence of paragraph 1 of the

Complaint summarize plaintiff's contentions.

2.      Amtrak states that the allegations stated in paragraph 2 of the Complaint contain legal allegations to which responsive pleadings are not required.  To the extent a responsive pleading is required, Amtrak admits the allegations stated in paragraph 2 of the Complaint.

3.      Amtrak admits the allegations stated in paragraph 3 of the Complaint.

## PARTIES

4.      Amtrak admits the allegations stated in paragraph 4 of the Complaint.

5.      Amtrak admits the allegations stated in paragraph 5 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

6.      Amtrak lacks information or knowledge sufficient to form a belief as the allegations stated in the first sentence of paragraph 6 of the Complaint.  Amtrak admits the allegations stated in the second and third sentences of paragraph 6 of the Complaint.

7.      Amtrak lacks information or knowledge sufficient to form a belief as the allegations stated in paragraph 7 of the Complaint.  Amtrak states that Plaintiff has notified Amtrak that she earned the degrees and certifications noted in paragraph 7 of the Complaint.

8.      Amtrak admits the allegations stated in the first sentence of paragraph 8 of the Complaint.  Amtrak admits the allegations stated in second sentence of paragraph 8 of the Complaint.  Amtrak admits the allegations stated in the third sentence of paragraph 8 of the Complaint.  Amtrak denies the allegations stated in the fourth sentence of paragraph 8 of the Complaint.

9.    Amtrak admits the allegations stated in the first sentence of paragraph 9 of the Complaint. Amtrak denies the allegations stated in the second sentence of paragraph 9 of the Complaint.

10.    Amtrak admits the allegations stated in the first sentence of paragraph 10 of the Complaint. In response to the allegations in the second sentence of paragraph 10 of the Complaint, Amtrak states that after plaintiff's position in Labor Relations was eliminated, she returned to a Manager, Customer Services position in Newark, NJ, effective February 1, 2002. Amtrak further states that plaintiff applied for and was selected for the District Manager position, effective October 1, 2002.

11.    Amtrak denies the allegations stated in paragraph 11 of the Complaint.

12.    Amtrak states that the allegations stated in paragraph 12 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Amtrak admits the allegations stated in paragraph 12 of the Complaint.

13.    Amtrak denies the allegations stated in paragraph 13 of the Complaint.

14.    Amtrak denies the allegations stated in paragraph 14 of the Complaint.

15.    Amtrak denies the allegations stated in the first sentence of paragraph 15 of the Complaint. Amtrak states that plaintiff's current salary is $64,700. Amtrak admits the allegations stated in the second sentence of paragraph 15 of the Complaint.

16.    Amtrak states that the allegations stated in paragraph 16 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Amtrak denies the allegations stated in paragraph 16 of the Complaint.

17.    Amtrak lacks information or knowledge sufficient to form a belief as the allegations stated in paragraph 17 of the Complaint.

18.    Amtrak denies the allegations stated in paragraph 18 of the Complaint.

## COUNT I
### (Race discrimination in violation of Title VII)

19.    Amtrak hereby incorporates its responses to paragraphs 1-18 of the Complaint as if fully set forth herein.

20.    Amtrak denies the allegations stated in paragraph 20 of the Complaint.

## COUNT II
### (Race discrimination in violation of Section 1981)

21.    Amtrak hereby incorporates its responses to paragraphs 1-20 of the Complaint as if fully set forth herein.

22.    Amtrak denies the allegations stated in paragraph 22 of the Complaint.

## COUNT III
### (Race discrimination in violation of the D.C. Human Rights Act)

23.    Amtrak hereby incorporates its responses to paragraphs 1-22 of the Complaint as if fully set forth herein.

24.    Amtrak denies the allegations stated in paragraph 24 of the Complaint.

## COUNT IV
### (Retaliation in violation of Title VII)

25.    Amtrak hereby incorporates its responses to paragraphs 1-24 of the Complaint as if fully set forth herein.

26.    Amtrak denies the allegations stated in paragraph 26 of the Complaint.

27.    Amtrak denies the allegations stated in paragraph 27 of the Complaint.

## COUNT V
### (Retaliation in violation of Section 1981)

28.     Amtrak hereby incorporates its responses to paragraphs 1-27 of the

Complaint as if fully set forth herein.

29.     Amtrak denies the allegations stated in paragraph 29 of the Complaint.

## COUNT VI
### (Retaliation in violation of the D.C. Human Rights Act)

30.     Amtrak hereby incorporates its responses to paragraphs 1-29 of the

Complaint as if fully set forth herein.

31.     Amtrak denies the allegations stated in paragraph 31 of the Complaint.

Plaintiff's jury demand does not require a response.  Amtrak demands a trial by

jury on all issues so triable.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be

granted.

## SECOND AFFIRMATIVE DEFENSE

Amtrak did not violate Plaintiff's rights under Title VII, Section 1981, or the

District of Columbia Human Rights Act, and did not discriminate or retaliate against

Plaintiff in any way.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiff failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The employment decisions in question were based on legitimate, business-related

factors, and were not based on in any way on race or any other prohibited criteria.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims were not timely filed and are barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Amtrak cannot be found liable because it established an internal procedure to respond effectively to claims of harassment, which Plaintiff failed to utilize.

## NINTH AFFIRMATIVE DEFENSE

Amtrak cannot be found liable for punitive damages in this case because it has engaged in good faith efforts to comply with Title VII, Section 1981, and the District of Columbia Human Rights Act.

## TENTH AFFIRMATIVE DEFENSE

Amtrak may not be held liable for the actions of any employee for conduct outside the scope of his/her employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Railway Labor Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Federal Employer Liability Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

Amtrak denies all allegations of the Complaint not specifically admitted herein.

Amtrak further reserves the right to assert any additional defense that may become relevant or apparent during the course of discovery or otherwise during the course of this litigation.

WHEREFORE, Defendant National Railroad Passenger Corporation respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant its costs and attorney's fees incurred in defending this action and any further relief that the Court deems appropriate.

Dated: September 15, 2006

Respectfully submitted,

KRUCHKO & FRIES

By: _____
Keith Fischler
DC Bar No. 377601

Counsel for Defendant
National Railroad Passenger
Corporation

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2006, I caused a copy of the

foregoing Defendant National Railroad Passenger Corporation's Answer to be served

electronically on

> Woodley B. Osborne, Esq.
> Merhi & Skalet, PLLC
> Suite 400
> 1300 19[th] Street, N.W.
> Washington, D.C. 20036

and by first-class mail, postage-prepaid on

> Woodley B. Osborne, Esq.
> Steven Skalet, Esq.
> Merhi & Skalet, PLLC
> Suite 400
> 1300 19[th] Street, N.W.
> Washington, D.C. 20036
>
> Warren Kaplan, Esq.
> Susan Huhta, Esq.
> Washington Lawyers' Committee for
> Civil Rights and Urban Affairs
> 11 Dupont Circle, N.W., Suite 400
> Washington, D.C. 20036

_____
Keith Fischler