# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETHEL STAMPER-KATO<br><br>　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL RAILROAD PASSENGER CORP.<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 06-983 (RMC)<br>)<br>)<br>)<br>)<br>) |

## REPORT OF THE PARTIES PURSUANT TO RULE 16.3(d)

Pursuant to Rule 16.3(d) of the Rules of this Court the parties hereby file this Report of the results of the meeting of counsel.

1.  The Defendant expects to file a motion for summary judgment after the close of discovery. The parties disagree as to whether that motion is likely to be successful.

2.  Counsel for the plaintiff are investigating the possibility of the joinder of additional plaintiffs. Counsel propose that motions to amend the pleadings, for this and any other purpose, be filed no later than December 15, 2006.

3.  Counsel for the Plaintiff will consider an assignment of this case to a magistrate judge. Counsel for the Defendant will not.

4.  Counsel believe that there is some possibility of settling the case and intend to explore that possibility after discovery is underway.

5.  Counsel agree that the case could benefit from the court's alternative dispute resolution procedures, but not until after the conclusion of discovery. Counsel propose that they be allowed to submit a recommendation on this subject at the conclusion of discovery.

6.   Counsel agree that dispositive motions should be filed on or before April 20, 2007. Opposition to any such motion should be due on May 14, 2007, and a reply, if any, would be due on May 21, 2007. In the event that a dispositive motion is filed prior to April 20, 2007, the opposition to such motion shall be due twenty-eight days later, and a reply, if any, shall be due within seven days of the filing of the opposition.

7.   The parties will exchange initial disclosures on or before November 14, 2006.

8.   Counsel for the plaintiff will seek discovery into Defendant's employment policies, specifically including its policies regarding the handling of promotion applications, the details regarding plaintiff's applications for promotion, the racial makeup of Defendant's management level workforce, and the extent to which the Defendant has promoted African Americans generally. Counsel for the defendant intends to seek discovery with regard to the claims stated in plaintiff's complaint and plaintiff's qualifications for the positions at issue in this case. Counsel agree that discovery may be commenced immediately following the exchange of initial disclosures, and that it shall be completed by March 15, 2007. At this time counsel agree that there is no need to modify the limits imposed by the Federal Rules.

9.   Counsel agree that Rule 26(a)(2) should apply without modification.

10.  This is not a class action case.

11.  At this time, counsel agree that there is no need to bifurcate this case.

12.  Counsel suggest that the pretrial conference be held on an available date between April 20 and June 20, 2007, or thirty days after disposition of the summary judgment motion, whichever is later.

13.  Counsel request that the court set a firm trial date at the scheduling conference.

- 2 -

14. There are no other matters that counsel believe necessary for inclusion in a scheduling order.

Respectfully submitted,

Woodley B. Osborne
Bar no. 043406
Steven Skalet
Bar no. 359804
MEHRI & SKALET, PLLC
Suite 400
1300 19th Street, N.W.
Washington, D.C. 20036
202-822-5100

Warren Kaplan
Bar no. 34470
Susan Huhta
Bar no. 453478
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
202-319-1000


Counsel for the Plaintiff

Keith S. Fischler (WBO)
Keith S. Fischler
Bar no. 377601
Kruchko & Fries
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
703-734-0554

Counsel for the Defendant

Dated: October 23, 2006

- 3 -