UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ethel Stamper-Kato**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**National Railroad Passenger Corp.**<br><br>　　　　**Defendant.** | Civil Action No. 06-983 (RMC) |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, Plaintiff hereby submits the following as her initial disclosures:

1. Persons with discoverable information possibly supportive of Plaintiff's claims:

Plaintiff believes that the following persons may have discoverable information that is possibly supportive of Plaintiff's claims:

Corey Samms
215-806-7739 (cell)

Information regarding the events related to Plaintiff's allegations of retaliation set forth in paragraph 27 of the Complaint

Hattie McCoy-Kemp
856-547-8595

Information regarding Defendant's responses to Plaintiff's applications for promotion

Robert Melendez

Information regarding Defendant's responses to Plaintiff's applications for promotion

Pamela Montgomery

Information regarding Defendant's responses to applications for promotion filed by African American employees

Brenda Walker

Information regarding the attitudes of certain of Defendant's management personnel toward the Plaintiff, and information regarding Defendant's responses to Plaintiff's applications for promotion

Betty Wilson
212-630-7425

Information regarding Defendant's responses to Plaintiff's applications for promotion

Deborah Johnson

Information regarding Defendant's responses to Plaintiff's applications for promotion

Michael Gallagher

Information regarding Plaintiff's work history

Ron Denzel
716 Bethlehem Pike
Flourtown, PA 19031
215-233-9408

Information regarding Plaintiff's work history.

William Morrison
212-502-8053

Information regarding Plaintiff's work history

Plaintiff does not know the address of Messrs. Samms or Morrison but is supplying their telephone numbers. The address for Ron Denzel, who Plaintiff understands has retired from the Defendant, is supplied. Plaintiff does not know the

addresses of the other persons listed. However, they are all currently employed by the Defendant.

2. Copies of all documents currently in Plaintiff's possession that Plaintiff may use in support of her claims are being tendered to counsel for the Defendant. An Index of those documents is attached. The documents in question are drawn from the investigation file compiled by the Equal Employment Opportunity Commission. Plaintiff does not have clear or complete copies of documents relating to applications for promotion tendered by her since the filing of her charges of discrimination and retaliation. However, Plaintiff believes that copies of such documents are in the possession of the Defendant. In addition, Plaintiff believes that certain materials that are or should be maintained in her personnel file contain factual information that is possibly supportive of her claims.

3. <u>Damages</u>: a. Plaintiff currently earns an annual salary of $64,000. Since April of 2004, she has applied for vacant positions for which she was fully qualified that carried more responsibility and greater salaries than her present position. These positions were filled by persons with lesser qualifications than she possesses. She was turned down or not considered for these positions because of her race. The positions in question bore annual salaries ranging from approximately $81,000 to $143,000. Plaintiff does not know exactly when each of these positions was filled. However, using estimates based on the salaries posted for the positions in question, Ms. Kato's lost pay ranges from $42,500 to $197,500, and is continuing to accrue. Plaintiff is close to retirement age, so that the loss of the opportunity to earn a higher salary, in addition to causing present

monetary harm, will have an adverse, but as yet undetermined, effect on her retirement benefits.

b. In addition to lost pay and benefits, Ms. Kato claims compensatory damages for mental distress and health related difficulties that have resulted from Defendant's ongoing pattern of discrimination and retaliation against her.

4. There is no insurance agreement directly applicable to Plaintiff's claims.

Respectfully submitted,

/s/ Woodley B. Osborne                     /s/ Warren Kaplan
Woodley B. Osborne                          Warren Kaplan
Bar no. 043406                              Bar no. 34470
Steven Skalet                               Susan Huhta
Bar no. 359804                              Bar no. 453478
MEHRI & SKALET, PLLC                        Washington Lawyers' Committee for
Suite 400                                   Civil Rights and Urban Affairs
1300 19th Street, N.W.                      11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036                      Washington, D.C. 20036
202-822-5100                                202-319-1000

Counsel for the Plaintiff

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

On November 14, 2006, a copy of the foregoing Plaintiff's Initial Disclosures was sent by electronic and regular mail to Keith S. Fischler, Kruchko & Fries, 1750 Tysons Blvd., Suite 560, McLean, Virginia 22102. By agreement of counsel, copies of the documents referenced are being hand delivered to Mr. Fischler on Wednesday November 15, 2006.

/s/ Woodley B. Osborne

Kato v. National Railroad Passenger Corporation
Civil Action No. 06-983 (RMC)

**Index of Documents Tendered to Defendant Pursuant to Rule 26(a)(1), FRCP**

1) Plaintiff's EEOC Charge

2) Defendant's Answer to Plaintiff's EEOC Charge

3) Defendant's Exhibit A: National Passenger Corporation, Business Diversity Department Equal Opportunity/Affirmative Action Policy Statement

4) Defendant's Exhibit B: Amtrak-Pennsylvania-Philadelphia Assistant Superintendent – Stations Job Description

5) Defendant's Exhibit C: Amtrak- Washington, D.C. – Superintendent Passenger Services

6) Defendant's Exhibit D: Amtrak – All Locations – Senior Director OBS & Station Operations

7) Defendant's Exhibit E: Amtrak – Washington, D.C. – Assistant Superintendent Stations

8) Defendant's Exhibit F: Amtrak – New York-Albany – District Superintendent-Empire Service EFF

9) EEOC Determination

10) EEOC Notice of Conciliation Failure

11) Defendant's Letter to Philip Dudt, Investigator, re: response to additional information requested in March 31, 2005 letter

12) Defendant's Supplemental Exhibit A: Amtrak's policy regarding Employment, Promotion and Transfer

13) Defendant's Supplemental Exhibit B: Application material and interview notes for Plaintiff and for Richard Gadbois for the position of Assistant Superintendent Stations in Philadelphia

14) Defendant's Supplemental Exhibit C: Application material and interview notes for Plaintiff and for Mark Rose for the position of Superintendent Passenger Services

15) Defendant's Supplemental Exhibit D: Application material and interview notes

        for Plaintiff and for Patricia Willis for the position of Senior Director OBS and Station Operations

16) Defendant's Supplemental Exhibit E: Application material and interview notes for Plaintiff and for Thomas Guerin for the position of Assistant Superintendent Stations in Washington, D.C.

17) Defendant's Supplemental Exhibit F: Application material and interview notes for Plaintiff and for James Turngren for the position of District Superintendent – Empire Service in Albany

18) Defendant's Supplemental Exhibit G: Application material and interview notes for Plaintiff and for Amtrak's policy regarding Probation

19) Defendant's Letter to Philip Dudt, Investigator, re: response to additional information requested in April 13, 2005 letter

20) Defendant's Supplemental Exhibit H: Plaintiff's personnel file

21) Defendant's Supplemental Exhibit I: Richard Gadbois's personnel file

22) Defendant's Supplemental Exhibit J: Mark Rose personnel file

23) Defendant's Supplemental Exhibit K: Patricia Willis's personnel file

24) Defendant's Supplemental Exhibit L: Thomas Guerin's personnel file

25) Defendant's Letter to Philip Dudt, Investigator, re: response to additional information requested April 13, 2005

26) Defendant's Supplemental Exhibit M: James Turgren's personnel file